UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ROLAND BERNARD, JR.                                    CIVIL ACTION

VERSUS                                                 NO. 19-12581

OMEGA PROTEIN, *et al.*                                SECTION M (1)

### ORDER & REASONS

Before the Court is the motion of plaintiff Roland Bernard, Jr. for default judgment[1] and the motion of defendant Alpha VesselCo, LLC ("Alpha") under Federal Rule of Civil Procedure 55(c) to set aside entry of default.[2]  Bernard opposes the motion to set aside entry of default.[3] Alpha replies in further support of its motion.[4]  Having considered the parties' memoranda, the record, and the applicable law, the Court issues this Order & Reasons granting the motion to set aside the entry of default and denying the motion for default judgment as moot.

### I.   BACKGROUND

This case arises from an alleged accident and personal injury on a fishing vessel.  It was filed in the Eastern District of Louisiana on September 13, 2019.[5]  The case in this Court was stayed given the stay in the limitation proceeding initiated and pending in the Western District of Louisiana concerning the same accident.[6]  The stay in this Court was recently lifted on September 10, 2020, after the Western District lifted the limitation stay so that Bernard and other claimants "may pursue their tort claims against the respective defendants that they sued in other

---

[1] R. Doc. 22.
[2] R. Doc. 27.
[3] R. Doc. 30.
[4] R. Doc. 34.
[5] R. Doc. 1.
[6] R. Doc. 13.

courts."[7] In this Court, Bernard filed a motion for entry of default[8] which the clerk's office granted.[9] In conjunction with these actions, Bernard had previously filed a motion for default judgment.[10] Alpha filed the present motion under Rule 55(c) to set aside the clerk's entry of default.[11]

## II. PENDING MOTIONS

Alpha argues that there is good cause to set aside the entry of default.[12] Alpha contends that it did not willfully refuse to participate in this proceeding.[13] On the contrary, it says it has been actively litigating the related claims in the Western District and was not properly notified of the lifting of the stay in the Eastern District.[14] It argues that there will be no prejudice to the plaintiff in setting aside the entry of default as Alpha will assert the same defenses it has already raised in the Western District.[15]

In opposition, Bernard argues that Alpha had notice in a status conference in the Western District that the limitation stay would be lifted to allow claims to proceed in all jurisdictions.[16] Further, he argues that service of the motion to lift the stay in the Eastern District was rendered on Alpha's registered agent[17] and a fax sent to opposing counsel about the lifting of the stay, which fax referenced the case number of this case, not the Western District case.[18]

## III. LAW & ANALYSIS

"[F]ederal courts should not be agnostic with respect to the entry of default judgments,

---

[7] R. Docs. 14-4; 20.
[8] R. Doc. 24.
[9] R. Doc. 25.
[10] R. Doc. 22.
[11] R. Doc. 27.
[12] R. Docs. 27-1; 34.
[13] R. Docs. 27-1 at 5-6; 34 at 2.
[14] R. Docs. 27-1 at 6; 34 at 2-4.
[15] R. Docs. 27-1 at 6; 34 at 4-5.
[16] R. Doc. 30 at 1.
[17] *Id.* at 2.
[18] R. Docs. 30 at 2; 30-3.

which are 'generally disfavored in the law' and thus 'should not be granted on the claim, without more, that the defendant had failed to meet a procedural time requirement.'" *Lacy v. Sitel Corp.*, 227 F.3d 290, 292 (5th Cir. 2000) (quoting *Mason & Hanger-Silas Mason Co. v. Metal Trades Council*, 726 F.2d 166, 168 (5th Cir. 1984)).  And a motion to set aside the entry of default "is more readily granted than a motion to set aside a default judgment." *In re OCA, Inc.*, 551 F.3d 359, 370 (5th Cir. 2008) (quoting *In re Dierschke*, 975 F.2d 181, 184 (5th Cir. 1992)).  "Unless it appears that no injustice results from the default, relief should be granted."  *Id.* at 370-71 (quoting *Azzopardi v. Ocean Drilling & Expl. Co.*, 742 F.2d 890, 895 (5th Cir. 1984)).

Entries of default may be set aside by the court for "good cause."  Fed. R. Civ. P. 55(c). "To decide if good cause exists, courts consider three non-exclusive factors: 'whether the default was willful, whether setting it aside would prejudice the adversary, and whether a meritorious defense is presented.'"  *Koerner v. CMR Constr. & Roofing, L.L.C.*, 910 F.3d 221, 225 (5th Cir. 2018) (quoting *Lacy*, 227 F.3d at 292).  "The court may also consider other relevant factors, such as 'whether [the movant] acted expeditiously to correct the default.'"  *UnitedHealthcare Ins. Co. v. Holley*, 724 F. App'x 285, 288 (5th Cir. 2018) (quoting *In re Chinese Manufactured Drywall Prods. Liab. Litig.*, 742 F.3d 576, 594 (5th Cir. 2014)) (alteration in original).  The Court finds that (1) Alpha's failure to respond to suit was not willful but resulted from the confusing intersection of the limitation proceeding with this case and the less than clear communications between counsel; (2) setting aside the entry of default does not prejudice Bernard given his awareness of Alpha's defense of Bernard's claim in the limitation proceeding; (3) the merits of Alpha's defense had been actively litigated by the parties in the limitation proceeding; and (4) Alpha acted expeditiously to correct the entry of default by filing this motion just two days after the clerk's entry of default.  Having found that all of these factors weigh in favor of good cause here, this Court sets aside the entry of default.

## IV. CONCLUSION

Accordingly, for the foregoing reasons,

IT IS ORDERED that the motion of defendant Alpha VesselCo, LLC to set aside entry of default (R. Doc. 27) is GRANTED and that the entry of default (R. Doc. 25) is set aside.

IT IS FURTHER ORDERED that the motion of plaintiff Roland Bernard, Jr. for default judgment (R. Doc. 22) is DENIED as moot.

New Orleans, Louisiana, this 2nd day of October, 2020.

                                            BARRY W. ASHE
                                            UNITED STATES DISTRICT JUDGE